IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF NORTH CAROLINA

| | |
|---|---|
| TIMMY EUVONNE GROOMS,          )<br>       Petitioner,            )<br>                                      )<br>v.                                 )        1:19cv396<br>                                      )<br>EDWARD THOMAS,              )<br>Warden, Central Prison          )<br>Raleigh, North Carolina,         )<br>       Respondent.          ) | |

**ORDER AND RECOMMENDATION OF UNITED STATES MAGISTRATE JUDGE**

Petitioner, a prisoner of the State of North Carolina, filed a Petition seeking a writ of habeas corpus pursuant to 28 U.S.C. § 2254 (Docket Entry 2). He also filed an Application to proceed *in forma pauperis* (Docket Entry 1), a Motion for appointment of counsel (Docket Entry 6), and a Motion to hold his Petition in abeyance pending exhaustion of state remedies (Docket Entry 4). For the reasons that follow, the Court should dismiss the Petition without prejudice.

On April 24, 1998, a Scotland County Superior Court jury found Petitioner guilty of first-degree murder, first-degree rape, first-degree kidnapping, and robbery with a dangerous weapon in cases 94CRS2217-18, 94CRS2234-36, 94CRS7798, and 94CRS67076. (*See* Docket Entry 2 at 1.) Consistent with the jury's recommendation, the trial court imposed a sentence of death, as well as life imprisonment for the rape conviction and consecutive sentences of forty years' imprisonment for the kidnapping and robbery convictions. *State v. Grooms*, 353 N.C. 50, 59, 540 S.E.2d 713, 719 (2000). Petitioner appealed his convictions and sentences, and the North Carolina Supreme Court rejected his appeal on December 21, 2000. *Id.* The Supreme Court of the United Stated denied his subsequent petition for a writ of certiorari on October 1, 2001. *Grooms v. North Carolina*, 534 U.S. 838 (mem.) (2001).

Petitioner then filed a motion for appropriate relief ("MAR") in the Superior Court of Scotland County on June 19, 2002, raising twelve grounds for relief. (*See* Docket Entry 2 at 3; *see also* Docket Entry 3-2.) On October 31, 2018, the trial court denied the MAR in a one-page summary order ("MAR order") without providing Petitioner with an evidentiary hearing. (*See* Docket Entry 3-8; *see also* Docket Entry 2 at 3-4, Docket Entry 3 at 1-2.)[1] The MAR order was not served on Petitioner's attorneys, so Petitioner missed the filing deadline to seek certiorari review by the state supreme court. (*See* Docket Entry 3 at 2.) Upon receiving the MAR order on February 22, 2019, Petitioner's attorneys sought aid from the state supreme court. (*See* Docket Entry 2 at 5; *see also* Docket Entry 3 at 2.) The North Carolina Supreme Court issued an order deeming February 22, 2019, as the date on which Petitioner's filing deadline began and permitting Petitioner to file his certiorari petition by October 21, 2019. (*See* Docket Entry 3 at 2.) Petitioner filed the instant Petition on April 11, 2019. (*See* Docket Entry 2 at 15.) Worried that Respondent will argue that the filing of the MAR order on October 31, 2018, restarted Petitioner's federal habeas limitations period, Petitioner has asked this Court to accept his premature Petition as a "protective" petition and stay the federal proceeding until he has completed his MAR appeal. (*See* Docket Entry 2 at 15; *see also* Docket Entry 3 at 3-4.)

The Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA") imposes a one-year limitations period for state prisoners who seek writs of habeas corpus, *see* 28 U.S.C. § 2244(d)(1), and requires such state prisoners to present their claims to their state courts before bringing them before a federal court, *see* 28 U.S.C. § 2254(b)(1)(A). Petitioner's conviction became final for the purposes of federal habeas review on October 1, 2001, when the Supreme Court denied his petition for a writ of certiorari, *Grooms v. North Carolina*, 534 U.S. 838 (mem.)

---

[1] The record does not reveal why such a significant period of time elapsed between the filing and the denial of Petitioner's MAR, but the State did not file an answer to the MAR until April 19, 2010, and Petitioner filed additional claims under the Racial Justice Act in August of the same year. (*See* Docket Entry 3 at 1.)

-2-

Case 1:19-cv-00396-WO-LPA   Document 8   Filed 10/10/19   Page 2 of 3

(2001). 28 U.S.C. § 2244(d)(1)(A). Petitioner's proper filing of his MAR on June 19, 2002, tolled his one-year limitations period under AEDPA. *See* 28 U.S.C. § 2244(d)(2). Because of circumstances beyond his control, Petitioner did not receive notice of the Superior Court's denial of his MAR on October 31, 2018. (*See* Docket Entry 3 at 2.) The North Carolina Supreme Court, however, has deemed the MAR order received on February 22, 2019, and has allowed Petitioner until October 21, 2019 to file his state petition for a writ of certiorari. *Id*. State post-conviction proceedings, therefore, never lapsed and remain ongoing. Because only 261 days of the federal limitations period had elapsed before Petitioner filed his MAR, 104 days remain for him to file his petition for a writ of habeas corpus with this Court after his state proceedings have concluded. He should fully exhaust his claims in state court before properly filing a petition for a writ of habeas corpus in this Court. *See generally Rhines v. Weber*, 544 U.S. 269, 277 (2005) (cautioning federal courts to stay federal habeas actions pending state-court exhaustion "only in limited circumstances" not implicated here).

      IT IS THEREFORE RECOMMENDED that the Court dismiss the Petition (Docket Entry 2) without prejudice.

      IT IS ORDERED that Petitioner's Application to Proceed IFP (Docket Entry 1), Motion to Hold Petition for Writ of Habeas Corpus in Abeyance Pending Exhaustion of State Remedies (Docket Entry 4), and Motion to Appoint Counsel (Docket Entry 6) are DENIED as moot and/or unripe.

      This the 10th day of October, 2019.

                                            /s/ L. PATRICK AULD
                                            United States Magistrate Judge