IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF NORTH CAROLINA

TIMMY EUVONNE GROOMS,        )
                             )
         Petitioner,         )
                             )
    v.                       )      1:19CV396
                             )
EDWARD THOMAS, Warden,       )
Central Prison, Raleigh,     )
North Carolina,              )
                             )
         Respondent.         )

## ORDER

This matter is before the court for review of the Order and Recommendation filed by the Magistrate Judge on October 10, 2019, in accordance with 28 U.S.C. § 636(b). (Doc. 8.) In the Recommendation, the Magistrate Judge recommended that the court dismiss the Petition, (Doc. 2), without prejudice, and ordered that Petitioner's Application to Proceed IFP, (Doc. 1), Motion to Hold Petition for Writ of Habeas Corpus in Abeyance Pending Exhaustion of State Remedies, (Doc. 4), and Motion to Appoint Counsel, (Doc. 6), be denied as moot and/or unripe. The Recommendation was served on the parties to this action on October 10, 2019. (Doc. 9.) Petitioner filed timely objections to the Recommendation. (Doc. 10.)

This court is required to "make a de novo determination of those portions of the [Magistrate Judge's] report or specified proposed findings or recommendations to which objection is

made." 28 U.S.C. § 636(b)(1). This court "may accept, reject, or modify, in whole or in part, the findings or recommendations made by the [M]agistrate [J]udge. . . . [O]r recommit the matter to the [M]agistrate [J]udge with instructions." Id.

However, in this case, Petitioner's objection is directed to an order issued by the Magistrate Judge denying Petitioner's Motion to Appoint Counsel, (Doc. 6). The Magistrate Judge denied the motion to appoint counsel as moot and/or not ripe. (Doc. 8 at 3.) The motion to appoint counsel is a pretrial matter, not dispositive of Petitioner's claims. 28 U.S.C. § 636(b)(1)(A) provides that "[a] judge of the court may reconsider any pretrial matter under this subparagraph (A) where it has been shown that the magistrate judge's order is clearly erroneous or contrary to law."

In Petitioner's objections, he indicates that he "agrees with" the Magistrate Judge's recommendations that the court dismiss the Petition without prejudice and deny Petitioner's IFP application and motion to stay federal proceedings, and that he objects only to the Magistrate Judge's Order denying Petitioner's Motion to Appoint Counsel as moot and/or unripe. (Doc. 10 at 2.) In that regard, Petitioner "requests that this [c]ourt reconsider the Magistrate [Judge]'s ruling, in order to permit [Petitioner's counsel] to seek compensation for the time needed to prepare [Petitioner's] protective federal habeas

petition, memorandum supporting the petition, motion to stay federal proceedings, and brief supporting that motion." (Id. at 2-3.)

Petitioner maintains that the protective petition and accompanying documents were "necessary to . . . fully safeguard [Petitioner's] potential need to seek review in federal court," because of Respondent's alleged refusal to "stipulate that [Petitioner's] federal statute of limitations remained tolled" and "in light of stringent Fourth Circuit law concerning the statute of limitations." (Id. at 3 (citing Rouse v. Lee, 339 F.3d 238 (4th Cir. 2003)).) Petitioner further asserts that, "[b]efore undertaking any of this work, [his counsel] made certain it was necessary" by "consult[ing] with their own experienced colleagues at the Center for Death Penalty Litigation . . . [and] with professors from Cornell Law School who are experts in federal habeas law," and "were advised that it was necessary to file a protective petition." (Id.) Petitioner "requests that the [c]ourt reject the Magistrate [Judge]'s ruling in part, and pursuant to 18 U.S.C. § 3599, appoint David Weiss and Johanna Jennings as [Petitioner's] attorneys, nunc pro tunc to March 18, 2019, for the limited purpose of allowing counsel to seek compensation for 35 hours of attorney time and 22 hours of paralegal time." (Id. at 4.)

"In any post conviction proceeding under [28 U.S.C. § 2254]

- 3 -

seeking to vacate or set aside a death sentence, any defendant who is or becomes financially unable to obtain adequate representation . . . shall be entitled to the appointment of one or more attorneys . . . in accordance with subsections (b) through (f)." 18 U.S.C. § 3599(a)(2). In turn, subsection (e) provides that "each attorney so appointed shall represent the defendant throughout every subsequent stage of available judicial proceedings, including . . . all available post-conviction process, together with applications for stays of execution and other <u>appropriate</u> motions and procedures . . . ." 18 U.S.C. § 3599(e) (emphasis added). District courts must decide what constitutes an "appropriate" (and therefore compensable) motion under Section 3599(e) "on a case-by-case basis." <u>Harbison v. Bell</u>, 556 U.S. 180, 190 n.7 (2009).

In this case, Petitioner has not shown that the protective Section 2254 petition and the motion to stay proceedings (along with their supporting memoranda) qualify as "appropriate" under Section 3599(e). The state court appointed Petitioner's counsel on March 18, 2019, (<u>see</u> Doc. 3-9 at 3), and Petitioner filed the protective petition with this court on April 11, 2019, (<u>see</u> Doc. 2 at 15)[1], four days prior to April 15, 2019, which Petitioner's

---

[1] All citations in this Order to documents filed with the court refer to the page numbers located at the bottom right-hand corner of the documents as they appear on CM/ECF.

counsel deemed "the earliest possible date [the petition] could be due under the one year statute of limitations." (Doc. 3 at 4.) Because "the right to appointed counsel adheres prior to the filing of a formal, legally sufficient habeas corpus petition," McFarland v. Scott, 512 U.S. 849, 855 (1994), if Petitioner's counsel wished to seek compensation for the preparation and filing of a protective petition and related materials, they could have (and should have) filed a motion to appoint counsel with the court during the 28-day period between their appointment in state court and April 15, 2019, the earliest possible end of the federal limitations period.[2]

Doing so would have placed before the court, in a timely manner, the issue of the appropriateness and necessity of filing

---

[2] Proceeding in that fashion permits the court to make an initial determination of whether appointment is necessary and, if some question exists, allows the court to determine whether to appoint counsel for all purposes or address expedited briefing on certain discrete issues to determine the reasonableness of appointment. While this court has concerns about predicating "reasonableness" on the opinions of attorneys not entering appearances in the case, as occurred here, in view of counsel's own research. This court does understand the complexities involved and concerns over timeliness. Nevertheless, "a district court must dismiss habeas petitions containing both unexhausted and exhausted claims." Rose v. Lundy, 455 U.S. 509, 522 (1982); Hedrick v. True, 443 F.3d 342, 364 (4th Cir. 2006). Under these circumstances, no matter how understandable it may have been for counsel to file a premature petition, this court declines to announce a rule appointing counsel to file a habeas petition that is not ripe or holding that an unripe petition is appropriate.

the documents in question. Indeed, the court may well have ruled that Petitioner need not file such documents, because Petitioner's federal statute of limitations remained tolled under 28 U.S.C. § 2244(d)(2) by (1) the pendency in state court of Petitioner's Motion for Appropriate Relief ("MAR") under the Racial Justice Act, (see Doc. 3-8 at 2); and (2) the order from the North Carolina Supreme Court establishing February 22, 2019, as the constructive service date of the order denying Petitioner's non-Racial Justice Act MAR and extending the deadline to October 21, 2019, for Petitioner's counsel to file a certiorari petition with the North Carolina Court of Appeals, (see Doc. 3 at 2). Given these circumstances, the court determines that the documents in question do not qualify as "appropriate" and compensable under Section 3599(e) and, thus, no basis exists to grant Petitioner's Motion to Appoint Counsel.[3]

Pursuant to Rule 72(a) of the Federal Rules of Civil Procedure, the court has appropriately reviewed the portions of the Order and Recommendation to which objections were made and has determined that the Magistrate Judge's Order denying Petitioner's Motion to Appoint Counsel as moot and/or unripe is neither clearly erroneous nor contrary to law. This court

---

[3] This court further notes that if and when it does become appropriate to proceed in Federal court, counsel may seek appointment and be compensated at that time for their work, which in turn may overlap with the work already done.

therefore adopts the Magistrate Judge's Order and Recommendation.

**IT IS THEREFORE ORDERED** that the Magistrate Judge's Order and Recommendation, (Doc. 8), is **ADOPTED. IT IS FURTHER ORDERED** that Petitioner's Petition under 28 U.S.C. § 2254 for Writ of Habeas Corpus by a Person in State Custody, (Doc. 2), is dismissed without prejudice. A Judgment dismissing this action will be entered contemporaneously with this Order. Finding no substantial issue for appeal concerning the denial of a constitutional right affecting the conviction, nor a debatable procedural ruling, a certificate of appealability is not issued.

This the 23rd day of January, 2020.

_____
United States District Judge